UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DARIUS ASSENT,**

**Plaintiff,**

**v.**

**CLUB WYNDHAM MIDTOWN 45,**

**Defendant.**

---

**25-cv-8755 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The pro se plaintiff Darius Assent brings this action against his former employer, Travel + Leisure Resort Development, Inc. (formerly known as Wyndham Vacation Ownership, Inc.), asserting claims of violations of federal law. The plaintiff alleges that a coworker directed racist comments at him while at work, and that when he reported these comments to his hiring manager, the defendant retaliated against him by limiting his sales opportunities, ultimately leading to his termination.

The defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim for relief and that the plaintiff failed to exhaust his administrative remedies before filing this action. For the following reasons, the motion to dismiss is **granted** and the complaint is **dismissed without prejudice**.

# I.

Unless otherwise indicated, the following facts are taken from the complaint and are accepted as true for the purpose of deciding this motion.

On June 13, 2025, the plaintiff was working at Club Wyndham Midtown 45, a hotel owned by the defendant. Compl. at 5, ECF No. 1. The plaintiff alleges that while at work, a coworker directed racist comments towards him, including calling him a "black African n-word." Id.[1] The plaintiff brought these racist remarks to the attention of a hiring manager at the hotel. Id. As a result of reporting the racist remarks to his hiring manager, the plaintiff alleges that he began losing sales opportunities and commissions. Id. at 5. The plaintiff failed to meet his sales quotas and was ultimately terminated. Id. at 6.

On October 22, 2025, the plaintiff filed a complaint against the defendant[2] with this Court, alleging violations of his "[h]uman rights" under federal law. Id. at 2. After a pre-motion conference with the Court, the defendant filed its motion to dismiss on May 29, 2026, arguing that the

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

[2] In his complaint, the plaintiff refers to the defendant as "Club Wyndham Midtown 45." Compl. at 1, ECF No. 1. The defendant is understood to be Travel + Leisure Resort Development, Inc. See Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 1 n.1, ECF No. 23.

plaintiff failed to exhaust his administrative remedies before filing the complaint and failed to state a claim for relief. Def.'s Mem., ECF No. 23.

**II.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). A court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complainant, a court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it

suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). A court may also consider allegations that are contained in the plaintiff's opposition papers. See Burgess v. Goord, No. 98-cv-2077, 1999 WL 33458, at *1 n.l (S.D.N.Y. Jan. 26, 1999) (collecting cases); see also Kaplan v. N.Y. State Dep't of Corr. Servs., No. 99-cv-5856, 2000 WL 959728, at *1 (S.D.N.Y. July 10, 2000). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170. Thus, although a court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

**III.**

**A.**

Liberally construing the allegations made by the plaintiff, the plaintiff alleges a race-based violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC" and obtain a right-to-sue letter. See Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018) (quoting Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003)); see also 42 U.S.C. § 2000e-5(e), (f). When a plaintiff fails to exhaust administrative remedies, dismissal without

prejudice is appropriate. Robinson v. Front-Line Sec. Inc., 68 F. App'x 258, 260 (2d Cir. 2003). A plaintiff may re-file a complaint after exhausting administrative remedies and receiving a right-to-sue letter within the statutorily allotted time. See id. at 260.

Construing the complaint liberally, the plaintiff has not pleaded sufficient facts to demonstrate that he exhausted his administrative remedies before filing this action. In the complaint, the plaintiff does not allege that he filed a charge of discrimination with the EEOC or that he received a right-to-sue letter. In advance of filing its motion to dismiss, the defendant raised in its pre-motion letter, among other issues, the issue of administrative exhaustion. See ECF No. 17. At the pre-motion conference, the plaintiff acknowledged that he had not yet filed a charge with the EEOC and appeared to still be in discussions with the EEOC about a potential charge. See Conf. Tr. at 5:1–10, 8:7–13, ECF No. 25.

In his first opposition to the motion to dismiss, the plaintiff suggested that he attached his right-to-sue letter, but no such letter was attached to the filing. Pl.'s Resp. Opp'n Def.'s Mot. Dismiss at 2, ECF No. 30. The plaintiff later stated that there was a technological error in his submission to the Pro Se Office that impacted the attachment to his first opposition, but he did not clearly indicate that the failed attachment was a right-to-sue letter or that he ever received any such letter at all. Pl.'s Resp. Opp'n Def.'s Mot. Dismiss,

ECF No. 34. As of the filing of this Order, the Court has not seen or received any right-to-sue letter issued by the EEOC to the plaintiff.

The plaintiff has not followed, nor pleaded that he followed, the necessary procedures for exhausting his administrative remedies. See Hardaway, 879 F.3d at 489; see also 42 U.S.C. § 2000e-5(e), (f). Accordingly, the plaintiff's claim of a violation of Title VII must be **dismissed without prejudice**.

**B.**

To the extent that the plaintiff seeks to bring state law claims, those claims are dismissed without prejudice. Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367(c)(3); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); see also Valencia ex rel. Franco v. Lee, 316 F.3d 299, 304–06 (2d Cir. 2003).

## CONCLUSION

The Court has considered all arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendant's motion to dismiss is **granted**. The complaint is **dismissed without prejudice**. The Clerk is respectfully requested to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**October 12, 2026**

**John G. Koeltl**
**United States District Judge**